CLEMENS & M'CLELLAN *versus* PROUT and BRAHAN.

1. A motion will not lie to quash an execution, on a mere parol showing that it has been paid.
2. An execution will be enforced for the benefit of a surety, who has paid it; but the fact must appear, by evidence, that the surety is to be benefited.

A motion was submitted to the county court of Madison county, on the part of Prout, one of the defendants in error, to quash an execution which had issued against him, on a judgment of that court.— Brahan, under a statute of this State, had become the surety of Prout, and the motion to quash was made on a parol showing of its payment, by the surety. The county court refused the motion : which decision being taken into the circuit court, was there reversed, and the motion allowed. On error, to this court, the plaintiffs contended, that the remedy would not lie; and insisted that the object of enforcing the execution was for the benefit of Brahan, the surety.

*McClung*, for plaintiff—*Craighead, cantra.*

TAYLOR, J.—This case originated in a motion made by Prout, in the county court of Madison county

to quash an execution which had been issued against him and the other defendant in error, at the suit of the plaintiffs.

It appears that a judgment had been recovered by the plaintiffs, against Prout, in said county court, during the existence of what was commonly called the indorsement law.

By that law it was provided, in substance, that if the plaintiff in any execution failed, by an indorsement upon it, to authorise the sheriff to receive, at par, the notes of certain banks, the paper of which was greatly depreciated, the defendant, upon executing bond, with good and sufficient security, for the payment of the money at the expiration of one year, should have his property, which might have been levied on, restored to him, and this bond, if not punctually paid, was declared to have the force and effect of a judgment.

The execution which was issued on the judgment of the plaintiffs against Prout, had no such indorsement on it, and he executed his bond to them, with Brahan as his security, according to the provisions of the statute. The debt was not paid at the maturity of the bond, and an execution was, thereupon, issued against Prout and Brahan, which is the one upon which the motion to quash was made.

The ground alleged for the motion was, that the judgment had been satisfied by Brahan, the security, which fact was proved by the parol testimony of one Mills.

The county court overruled the motion, from which decision the case was taken, by writ of error, to the circuit court, there reversed, and is now here, that the latter judgment may be revised.

This court, in the case of *Fryer* vs. *Austill*,[a] decided, that where the execution, and all the proceedings in the record have "the appearance of fairness, and a defendant has made payments, or has any other defence to the execution, which does not appear in the record, but must be proved by matters *in pais*, a court of "chancery alone, can afford relief." It is possible, that decision went too far; it was certainly broader than was necessary for the disposition of that case. Although antiquated, this court might recognise the remedy by *audita querula*, as available, were it to be resorted to. But it was intended, in the case just cited, to determine that, in such case, no remedy could be afforded by motion, or the writ of *supersedeas*.

That decision settles the question before us, and, although, if this were now *res integra*, I should be in favor of extending the remedy, by motion, to cases of the kind, yet I consider it better, especially where a mere matter of practice is concerned, not to disturb former precedents, but to enforce the maxim of *stare decisis*.

The only testimony introduced in this case, was the parol evidence of the witness, that Brahan had paid the debt: that was not sufficient to support the motion.

This point disposes of the case ; but, as it was argued entirely on the ground, that the execution was intended to be used for the benefit of the security, and the right of the parties thus to use it, it is considered proper, briefly to notice that subject.

This court, when a proper case occurs, would certainly enforce the doctrine of subrogation in favor of a surety ; but, before that doctrine can be successfully invoked, it must appear that the object is to en-

*a* 2 Stew. 119

force the security, which the creditor, who has been paid by the surety, had in behalf of the surety. In this case, we have no evidence that the execution was intended to be used for the benefit of the surety; and this court will not voluntarily say such was the fact.

On the first point, the judgment of the circuit court is reversed, and that of the county court affirmed.